THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH SANSONE, Defendant-Appellant.

First District (4th Division)    No. 79-1398

Opinion filed March 12, 1981.—Rehearing denied April 9, 1981.

Julius Lucius Echeles, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Susan Ruscitti Grussel, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

After a jury trial, defendant Joseph Sansone and co-defendant Bruce Youngbrandt[1] were found guilty of burglary, attempt theft, and possession of burglary tools. (Ill. Rev. Stat. 1977, ch. 38, pars. 19—1, 8—4 and 19—2.) Defendant was thereafter sentenced to 3 years incarceration only on the burglary conviction. On appeal defendant contends that he was not properly found guilty of burglary as defined by statute. (Ill. Rev. Stat. 1977, ch. 38, par. 19—1(a).) Defendant also assigns as error the trial court's failure to read the indictment to the jury.

Since no issue is raised concerning defendant's culpability, we need not fully recite the facts establishing his guilt. The evidence adduced at trial, however, shows that on February 2, 1978, at approximately 10 p.m., defendant and co-defendant Youngbrandt were observed sitting in the front seat of a late model Buick when the police arrived at the scene. Both men immediately exited the car and began to run. Defendant and his accomplice were subsequently apprehended and placed under arrest. Several tools including a drill, socket wrench, lock puller, wire cutters, and three flashlights were found by police lying on the floor of the car. The vehicle's ignition cap was broken off and metal shavings were discovered on the floor.

---

[1] Co-defendant Bruce Youngbrandt is not a party within the present appeal.

After closing arguments, the trial court instructed the jury of the elements for the crimes of burglary, attempt theft and possession of burglary tools. The court also instructed the jury that the indictment was the formal method of accusing the defendant of a crime and was not to be considered as evidence of his guilt.

Defendant contends that his conduct of entering an automobile with the intent to steal the vehicle itself did not constitute the offense of burglary as set forth in the statute. The statutory definition of burglary provides in part as follows:

"A person commits burglary when without authority he knowingly enters * * * a * * * motor vehicle as defined in The Illinois Vehicle Code * * * or any part thereof, with intent to commit therein a felony or theft." Ill. Rev. Stat. 1977, ch. 38, par. 19—1(a).

■■ The prime consideration in construing a statutory enactment is to give effect to the intent of the legislature. In ascertaining the legislature's intention, the entire statute must be considered, as well as the evil to be remedied and the object to be attained. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 543, 349 N.E.2d 31.) Where several constructions may be placed upon a statute, the court should select that which leads to a logical result and avoid those which would be absurd. (*Board of Education v. Community High School District No. 211* (1967), 89 Ill. App. 2d 481, 485, 232 N.E.2d 316.) It is presumed that the legislature in passing legislation did not intend absurdity, inconvenience or injustice. *Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill. 2d 556, 561, 224 N.E.2d 236.

Defendant, in construing the aforementioned statutory provision, maintains that the word "therein" refers only to property taken from within the vehicle. Defendant claims that because he entered the automobile with the intent to steal the entire vehicle and not just a component part therefrom, his conviction for burglary cannot stand. We disagree.

■■ The material elements of burglary are entry without authority with the intent to commit a felony or theft. (*People v. Clark* (1964), 30 Ill. 2d 216, 219, 195 N.E.2d 631; *People v. Bailey* (1980), 80 Ill. App. 3d 242, 244, 399 N.E.2d 724.) And it need not be proved that the defendant actually took anything to sustain the conviction. (*People v. Dennis* (1963), 28 Ill. 2d 525, 527, 193 N.E.2d 14.) In the present case we believe the material elements of burglary were satisfied in that defendant entered the automobile without authority with the requisite criminal intent. (Compare *People v. Bournes* (1977), 55 Ill. App. 3d 237, 370 N.E.2d 1230.) Defendant committed a felony in the automobile in that he intended to steal the car itself, and the sufficiency of evidence establishing defendant's unlawful entry and his intent to steal the entire vehicle is not disputed by him on appeal. We additionally note that the crime of burglary was complete

upon showing defendant's entry without authority with the intent to steal, and it was not essential to prove that anything was actually taken. (*People v. Jefferson* (1978), 64 Ill. App. 3d 200, 380 N.E.2d 1070.) Therefore, we reject defendant's statutory interpretation of section 19—1(a) and conclude that he was properly convicted for the offense of burglary.

Defendant also contends that the jury was left without any guidance as to what offense he was charged with since the indictment was not read to the jury. We find this argument unpersuasive since the record clearly shows that the jury was fully instructed by the trial court as to the elements of the offenses for which defendant was convicted. *People v. Parks* (1976), 65 Ill. 2d 132, 357 N.E.2d 487.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.