THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIE LEE PATTON, Defendant-Appellant.

Third District   No. 82—449

Opinion filed January 13, 1983.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

This is a case of statutory interpretation.

The defendant, Willie Lee Patton, entered an automobile that did not belong to him for the purpose of stealing it. He was intercepted by a policeman during the attempted car theft and was arrested. He had a screwdriver on his person. The hood of the car was open. The steering column had been damaged. A search of Willie's Cadillac parked nearby disclosed six more screwdrivers, automotive lug nut keys, channel lock pliers, and a punch.

Willie was found guilty of the offense of possession of burglary tools, section 19—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 19—2). The statute in question provides that a person commits the offense of possession of burglary tools when he possesses any instrument suitable for use in breaking into a motor vehicle with intent to commit therein a felony or theft.

The State is required to prove (1) that the tools were adapted for breaking and entering; (2) that defendant possessed them with knowledge of their character; (3) that he intended to use them for breaking and entering; and (4) that he possessed the requisite intent to commit therein a felony or theft. That is all.

Defendant asks that we reverse his conviction for possession of burglary tools because of his contention that the statute contemplates a theft of something from within the car but not the car itself. That is to say, if defendant had intended to steal a package from the car seat, he would be guilty. But if he intended merely to steal the entire car, he would not be guilty.

On first impression, this argument seems silly. Upon further consideration, this initial impression is confirmed.

In the case at hand, it is undisputed that the defendant entered the motor vehicle without authority and with the intent to steal it. He possessed the requisite tools. His argument turns on the interpretation of the phrase, "to commit therein a felony or theft." "Therein,"

he maintains, means taking something from the vehicle but not the vehicle itself. This assertion will not stand analysis. The car theft would have been complete at the time he started the engine and drove it off. Unless he had some plan to drive the car by remote control from a point removed from the interior of the car, it would have to be concluded that the act of theft was to be committed within the vehicle: "therein" as the statute reads.

We believe it is clear that the conduct of the defendant falls within the proscription of the possession of burglary tools statute.

Accordingly, we affirm.

Affirmed.

ALLOY and SCOTT, JJ., concur.