THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL LAVERNE MULLINEX, Defendant-Appellant.

Second District   No. 2—83—0645

Opinion filed June 20, 1984.

G. Joseph Weller, Paul J. Glaser, and Nicholas J. Kritikos, all of State

Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and Phyllis J. Perko and Raymond L. Beck, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Following a bench trial, Michael Laverne Mullinex, the defendant, was convicted of the offenses of burglary, theft in excess of $300, and possession of burglary tools. He was sentenced to terms of five years for burglary, three years for theft and two years for possession of burglary tools, to be served concurrently. He appeals, contending (1) that his conduct was not burglary under section 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)); (2) that his conviction of theft must be reduced to attempted theft, because the evidence failed to prove beyond a reasonable doubt that he exerted the requisite degree of control over the automobile; and (3) that the sentences were excessive.

A police officer observed defendant standing at the driver's side of the victim's Pinto in a parking lot. His hands were moving in an up and down motion near the driver's window and he had a tool in his hands. Later, he was seen seated in the car near the steering column. He was bent over the steering wheel, his hands working on the ignition. He looked up, saw the police officer, exited the automobile and began running away. He was apprehended in the parking lot, where a slender piece of metal, characterized by the officers as a "Slim Jim," fell from his clothing. The tool is used to unlock cars by inserting it between the door and the glass, hooking onto the door linkage and thereby forcing the lock to pop up.

The officer looked inside the passenger compartment and noticed that the "butterfly stem" of the ignition mechanism was off and was lying on the floor. On the front seat of the car a screwdriver and a "slam hammer," described as commonly used to remove ignitions, were found. A portion of the ignition stem was still attached to the "slam hammer." The officer also observed that the portion of the ignition system that fits into the butterfly stem appeared to have screw marks on it. The officer stated on cross-examination that he could not recollect whether the ignition mechanism was still in the steering column when he viewed the car.

## I

Defendant first argues that proof of his entering the automobile with intent to steal the vehicle did not constitute the offense of burglary. He argues that the legislature did not intend that entry into an automobile, with the intent to steal the vehicle itself, should be punished as burglary.

■ The statutory definition of burglary, as relevant here, provides:

> "A person commits burglary when without authority he knowingly enters *** a *** motor vehicle as defined in The Illinois Vehicle Code *** or any part thereof, with intent to commit therein a felony or theft." (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a).)

The material element of burglary is the unlawful entry with the intent to commit a felony or theft. (*People v. Clark* (1964), 30 Ill. 2d 216, 219; *People v. Sansone* (1981), 94 Ill. App. 3d 271, 273; *People v. Bailey* (1980), 80 Ill. App. 3d 242, 244.) Thus, the crime of burglary is complete when a person unlawfully enters a vehicle with the intent to steal (*People v. Ruckholdt* (1984), 122 Ill. App. 3d 7, 11), and it is not necessary to prove that anything is stolen. *People v. Richardson* (1983), 118 Ill. App. 3d 175, 177; *People v. Sansone* (1981), 94 Ill. App. 3d 271, 273-74.

■■ The primary or cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. (*People v. Robinson* (1982), 89 Ill. 2d 469, 475; *People v. Bratcher* (1976), 63 Ill. 2d 534, 543; *People v. Gibson* (1981), 99 Ill. App. 3d 616, 619, *rev'd on other grounds* (1982), 91 Ill. 2d 562.) The statutory language itself is the best indication of the intent of the drafters, and where that intent can be gleaned from the plain language of the statutory enactment, the courts will give it effect without resorting to other aids for construction. (*People v. Robinson* (1982), 89 Ill. 2d 469, 475-76.) Although the legislative intent is sought primarily from the language employed in the statute, the judiciary may look also to the statutory objective and the evils sought to be remedied and then arrive at a common sense construction. (*People v. Gibson* (1981), 99 Ill. App. 3d 616, 619.) Where several constructions may be placed upon a statute, the court should select that interpretation that leads to a logical result and avoid that which would be absurd, for the presumption exists that the legislature in passing a statute did not intend absurdity, inconvenience, or injustice. *People v. Sansone* (1981), 94 Ill. App. 3d 271, 273; *People v. Bournes* (1977), 55 Ill. App. 3d 237, 240.

■ Based upon the plain language of section 19—1(a) of the

Criminal Code of 1961, it is manifest that the defendant committed a burglary when he entered the victim's automobile with the intent to steal it. There is nothing in the statutory language itself that restricts the scope of section 19—1(a) of the Criminal Code of 1961 to situations in which the defendant steals or intends to steal something from the interior of the automobile, as opposed to attempting to steal or actually stealing the vehicle itself. Furthermore, the court in *Sansone* concluded that the defendant, who entered an automobile with the intent to steal the vehicle itself, was properly convicted of the offense of burglary as delineated in section 19—1(a) of the Criminal Code of 1961. (*People v. Sansone* (1981), 94 Ill. App. 3d 271, 273-74.) The *Sansone* court rejected defendant's argument that the word "therein" contained in the burglary statute refers only to property taken from within the vehicle, not the vehicle itself. *Cf. People v. Patton* (1983), 112 Ill. App. 3d 1 (where, in the context of a prosecution for the offense of possession of burglary tools (Ill. Rev. Stat. 1981, ch. 38, par. 19—2(a)), the court construed the phrase "to commit therein a felony or theft" to encompass a situation where the defendant possessed burglary tools with the intent to steal the automobile itself).

Because the public convenience and necessity require continued and broad use of the automobile "as an adjunct of modern living," the legislature may reasonably protect such vehicles "by more stringent penalties than apply to personal property lying in the open." (*People v. Jennings* (1976), 42 Ill. App. 3d 168, 171.) In light of the plain language of the statute and the legislative intent impliedly expressed therein to protect motor vehicles, adoption of the defendant's position in this case would not be in harmony with the legislative enactment and intent, for his interpretation of the statute would create an absurd or illogical result. For example, under the defendant's view of the statute, a person who enters an automobile without authority and with the intent to steal an item from within the vehicle could be punished as a burglar, whereas an individual who enters a car unlawfully with the intent to steal the entire vehicle could be convicted only of the less serious offenses of theft or attempted theft.

*People v. Bournes* (1977), 55 Ill. App. 3d 237, and *People v. Jennings* (1976), 42 Ill. App. 3d 168, upon which the defendant places primary reliance, are not applicable on their facts and do not stand for the proposition that a defendant cannot be convicted of burglary when he enters a vehicle with the intent to steal the car itself.

II

Defendant was also convicted of violating section 16—1(a)(1) of

the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(a)(1)) in that he knowingly exerted unauthorized control over the victim's automobile with the intent of depriving her permanently of the use and benefit of her property. As section 15—8 of the Code (Ill. Rev. Stat. 1981, ch. 38, par. 15—8) expressly states, the phrase "obtains or exerts control" over property includes, but is not limited to, "the taking, carrying away, or the sale, conveyance, or transfer of title to, or interest in, or possession of property." *People v. Fowler* (1979), 72 Ill. App. 3d 491, 493-94.

In the case at bar, there is no concrete evidence that the defendant had removed the entire ignition mechanism, thereby enabling him to activate the car with his tools. The officer testified that he would have photographed the ignition system if it had been located in any place other than on the steering column. He acknowledged, further, that the photographs which the State introduced into evidence did not depict the ignition system lying on the floor or the seat of the automobile.

■ On this record, defendant's conduct did not constitute the taking or carrying away of the vehicle or the sale, conveyance, or transfer of the title to, interest in, or possession of the property. At most, the defendant's actions were steps preliminary to the assertion of actual control or complete physical dominion over the vehicle. (See *People v. Sansone* (1981), 94 Ill. App. 3d 271, 272; *People v. Montgomery* (1977), 53 Ill. App. 3d 298, 299; *People v. Sparks* (1972), 9 Ill. App. 3d 470, 473-74.) Therefore, the evidence was sufficient only to sustain a conviction of attempt to commit a theft in excess of $300, Class A misdemeanor (Ill. Rev. Stat. 1981, ch. 38, par. 8—4(c)(5)). We therefore vacate the conviction and sentence for felony theft, and enter judgment here finding defendant guilty of attempt as described. We enter sentence here for the attempted theft for the maximum term of 364 days to be served concurrently. Ill. Rev. Stat. 1981, ch. 38, par. 8—4(c)(5); *People v. Martin* (1984), 121 Ill. App. 3d 196, 215; *People v. Owens* (1982), 109 Ill. App. 3d 1150, 1160.

### III

■ We reject defendant's final contention that we should reduce his sentences for burglary and possession of burglary tools based on defendant's contention that the trial court in its sentencing decision relied on improper factors and failed to give sufficient consideration to the defendant's background. The task of weighing the various aggravating and mitigating factors is the function of the trial court. (*People v. Jackson* (1981), 97 Ill. App. 3d 928, 929.) From our exami-

nation of the record, which included the defendant's prior convictions of vehicle-related thefts, we find no abuse of sentencing discretion.

The judgment of the circuit court of Du Page County convicting the defendant of theft is vacated, and the defendant is sentenced to 364 days' imprisonment for attempt theft. The convictions of and sentences for burglary and possession of burglary tools are affirmed.

Affirmed in part, vacated in part, judgment entered here in part.

REINHARD and HOPF, JJ., concur.