(No. 59978

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant and Cross-Appellee, v. DONALD STEPPAN, Appellee and Cross-Appellant.

*Opinion filed January 23, 1985.*

Neil F. Hartigan, Attorney General, of Springfield (Mark L. Rotert and David E. Bindi, Assistant Attorneys General, of Chicago, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Nicholas J. Kritikos, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellee and cross-appellant.

JUSTICE MORAN delivered the opinion of the court:

Defendant, Donald Steppan, was charged by information with burglary, in that he, without authority, entered a motor vehicle with intent to commit therein a theft, and with possession of burglary tools in violation of sections 19—1 and 19—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, pars. 19—1, 19—2). Following a bench trial in the circuit court of Du Page County, he was found guilty of both offenses. In his post-trial motion, he argued that he was not properly found guilty of burglary as defined by the statute. He also argued that section 19—1(b) of the Code violates the due process and limitation-of-penalties provisions of the Illinois Constitution (Ill. Const. 1970, art. I, secs. 2, 11) because under section 19—1(b), burglary of a motor vehicle may be punished more severely than theft of a motor vehicle. The trial court agreed that section 19—1(b) was unconstitutional as applied to the facts of this case, and, therefore, did not impose a sentence on the burglary conviction. Defendant was sentenced to three years' imprisonment for the offense of possession of burglary tools, to be served consecutively to sentences imposed on him in two unrelated cases. The State appealed, directly to this court, the trial court's finding that section 19—1(b) is unconstitutional (94 Ill. 2d R. 302(a)(1)), and defendant appealed his convictions and sentence to the appellate

court. We granted defendant's motion to transfer his appeal to this court.

The issues before us are: (1) May a conviction for burglary under section 19—1 be predicated upon entry into a vehicle with intent to steal the vehicle itself? (2) Does section 19—1(b) of the Code violate the due process and limitation-of-penalties provisions of our constitution in that it provides for a more serious penalty for burglary of a motor vehicle than for theft of the motor vehicle itself? and (3) Did the trial court err by imposing a consecutive sentence of imprisonment on defendant for possession of burglary tools?

On October 4, 1982, at approximately 3 a.m., David Fortier was awakened from his sleep by a sound. Perceiving the sound to be one of a starting car, Fortier alighted from his bed and looked out his third-story apartment window. According to his testimony, he saw a light and what appeared to be two persons inside his 1970 Chevrolet Nova, which was parked on the street adjacent to his apartment building. He told his wife to call the police, dressed, and then proceeded downstairs to investigate. Upon arriving downstairs, Fortier saw a police squad car drive into a parking lot near his apartment. He directed Officer George Blaha, of the Carol Stream police department, to his car. Blaha pointed his spotlight on the Nova. Fortier testified that he then saw the defendant and Peter J. Audette leaving the car via the front passenger door. Several tools were found near the car, none of which Fortier claimed were his. Except for the ignition core, nothing was missing from the vehicle.

Blaha corroborated much of Fortier's testimony. He testified that, upon observing the defendant and Audette leave Fortier's car, he ordered the two men into the street, placed them under arrest, and called for a backup unit.

Officer Richard Willing testified that he assisted Blaha in the arrest of defendant and Audette. According to his testimony, he found the car's ignition key guide on the right front floor mat of the vehicle and the inner core of the ignition in some grass about 15 feet from the car. The ignition core was attached to a socket wrench. Two screwdrivers also were found near the car. Willing testified that he recovered a flashlight, a roll of black electrical tape, and a pair of needlenose pliers from Audette's jacket. No tools were found on defendant.

The defendant did not dispute the fact that he was present when Audette entered the vehicle the morning in question. He testified, however, that he never personally entered the car. According to defendant, he stood outside the car the entire time Audette was inside the vehicle.

Defendant, in his post-trial motion, contended, *inter alia*, that the State had failed to prove all of the elements of burglary as set forth in the statute. The trial court disagreed and denied defendant's motion for a new trial based on that ground. Defendant renews the argument in this court that he was not properly convicted of burglary as defined by the statute. Burglary is defined in section 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 19—1), and that section provides in relevant part:

> "(a) A person commits burglary when without authority he knowingly enters or without authority remains within a *** motor vehicle as defined in The Illinois Vehicle Code *** or any part thereof, with intent to commit therein a felony or theft."

Defendant asserts that the word "therein" as used in section 19—1(a) refers only to property taken from inside the vehicle. He maintains that the State's evidence in the instant case established that he entered an automobile with the intent to steal the entire vehicle, and not

its contents. Thus, he argues that the State failed to prove a violation of section 19—1. The State does not dispute defendant's characterization of the evidence. It asserts, however, that a conviction under section 19—1 can be predicated upon an unauthorized entry into a vehicle with the intent to steal the vehicle itself.

The precise issue raised by defendant has not been decided by this court. The appellate court, however, has construed section 19—1(a) and held that a person may properly be convicted of burglary where the State's evidence proves he entered the vehicle with the intent to steal the entire vehicle. (*People v. Mullinex* (1984), 125 Ill. App. 3d 87, 89-90; *People v. Sansone* (1981), 94 Ill. App. 3d 271, 273-74.) Application of general rules of statutory construction to this statute compels us to conclude that the appellate court's interpretation of section 19—1(a) is correct.

The function of the courts in construing statutes is to ascertain and give effect to the intent of the legislature. (*People v. Rink* (1983), 97 Ill. 2d 533, 539; *People v. Robinson* (1982), 89 Ill. 2d 469, 475.) In ascertaining the intent of the legislature, it is proper for the court not only to consider the language employed by the statute, but also to look to the " 'reason and necessity for the law, the evils to be remedied, and the objects and purposes to be obtained.' " (*People v. Alejos* (1983), 97 Ill. 2d 502, 511; see also *People v. Bratcher* (1976), 63 Ill. 2d 534, 543.) Moreover, in construing statutes, the courts presume that the General Assembly, in passing legislation, did not intend absurdity, inconvenience or injustice. *Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill. 2d 556, 561.

After applying the above principles to the statute here, we cannot agree with defendant that the inclusion of the word "therein" in the statute restricts the scope of section 19—1(a) to situations in which a defendant

steals or intends to steal something from inside a vehicle. The language of a statute should be given its plain and ordinary meaning. (*People v. Pettit* (1984), 101 Ill. 2d 309, 313; *People v. Brown* (1982), 92 Ill. 2d 248, 256.) The word "therein" has been commonly understood to mean "in that place." (Black's Law Dictionary 1325 (5th ed. 1979).) As thus understood, the inclusion of the word "therein" in the statute does not necessarily require that a defendant intend to steal something from inside the vehicle. It is more logical, in light of the statute's purpose, to construe the inclusion of the word "therein" as merely requiring that a defendant's intent to steal or commit a felony coincide with the unauthorized entry.

It is obvious from the language of the statute that the legislature intended to protect the security and integrity of certain specified enclosures, including motor vehicles. Adoption of defendant's interpretation of section 19—1(a) would seriously undermine the protection afforded and intended by the statute. Under defendant's view of section 19—1, a person who, without authority, enters a vehicle with intent to steal an item from inside the vehicle could be convicted of burglary. However, under defendant's construction of the statute, the same result would not occur if a person intended to steal an entire vehicle. In that case, a person could only be convicted of theft or attempted theft, the conviction of which provides for less serious penalties. (See *People v. Mullinex* (1984), 125 Ill. App. 3d 87, 90.) We do not believe such a result was intended by the General Assembly. Therefore, we hold that a person may properly be convicted of burglary under section 19—1(a) when, without authority, he knowingly enters a motor vehicle with the intent to steal the vehicle itself. Since defendant does not dispute the sufficiency of the State's evidence establishing his unlawful entry and his intent to steal the entire vehicle, we affirm defendant's conviction for bur-

glary.

Defendant also contends that the penalty provision of the burglary statute, section 19—1(b) (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(b)), is arbitrary and irrational, and so violates our constitution. He urges us to affirm the ruling of the trial court, which held that section 19—1(b) violates the due process and limitation-of-penalties provisions of the Illinois Constitution (Ill. Const. 1970, art. I, secs. 2, 11).

The gist of defendant's argument, and the rationale for the trial court's decision, is that under the present statutory scheme in Illinois the sentence for theft from a vehicle can possibly be greater than would be imposed if the whole vehicle and all of its contents were stolen. The trial court reasoned that, in the former situation, a defendant can be convicted of burglary, whereas in the latter situation a person, in some instances, can only be found guilty of theft, as set forth in section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 16—1). Burglary is a Class 2 felony (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(b)), for which a person can be sentenced to prison for not less than three and not more than seven years (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1(a)(5)). Theft from the person or exceeding $300 is a Class 3 felony (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e)(3)), for which a person can be imprisoned for not less than two and not more than five years (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1(a)(6)). The trial court viewed theft of a vehicle and all of its contents as a more serious offense than the burglary of a vehicle where an item of lesser value is taken from inside the automobile. The trial court concluded that because a greater penalty can be imposed for burglary than theft, section 19—1(b) was constitutionally infirm.

The trial court's decision rested on two provisions of our constitution's bill of rights. Article I, section 2, of

the Illinois Constitution provides: "No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws." (Ill. Const. 1970, art. I, sec. 2.) This court has interpreted the due process guarantee of section 2 to require that penalty provisions be reasonably designed to remedy the particular evil which the legislature has selected for treatment under the statute in question. (See, *e.g., People v. Wagner* (1982), 89 Ill. 2d 308, 312; *People v. Bradley* (1980), 79 Ill. 2d 410, 417.) Additionally, article I, section 11, requires in pertinent part that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, sec. 11. See *People v. Taylor* (1984), 102 Ill. 2d 201, 206; *People v. Wisslead* (1983), 94 Ill. 2d 190, 196.

While acknowledging that sections 2 and 11 of the bill of rights place some restraint on the power of the General Assembly to establish penalties for crimes, this court has, nonetheless, been reluctant to invalidate penalties prescribed by the legislature. The court's reluctance stems from its recognition that it is the legislature which has been empowered to declare and define conduct constituting a crime and to determine the nature and extent of punishment for it. (*People v. Taylor* (1984), 102 Ill. 2d 201, 205; *People v. La Pointe* (1981), 88 Ill. 2d 482, 500.) The legislature, institutionally, is more aware than the courts of the evils confronting our society and, therefore, is more capable of gauging the seriousness of various offenses. Thus, with regard to the due process provision, the court has required only that the penalty prescribed for the particular crime be " 'reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare.' " (*People v. Bradley* (1980), 79 Ill. 2d 410, 417.) The standard of review under the

limitation-of-penalties provision was stated in *People v. Gonzales* (1962), 25 Ill. 2d 235, as follows:

> "This court has traditionally been reluctant to override the judgment of the General Assembly with respect to criminal penalties. It indicated at an early date that the constitutional command that 'penalties shall be proportioned to the nature of the offense' would justify interference with the legislative judgment only if the punishment was 'cruel,' 'degrading' or 'so wholly disproportionate to the offense committed as to shock the moral sense of the community.' " (25 Ill. 2d 235, 240.)

See also *People ex rel. Barrett v. Bradley* (1945), 391 Ill. 169, 171; *People v. Jennings* (1976), 42 Ill. App. 3d 168, 171.

When section 19—1(b) is judged in light of the relevant constitutional standards of review, we cannot agree with the trial court that the penalty provision is constitutionally infirm. We note that our decision today has construed section 19—1 to cover situations in which a defendant intends to steal the vehicle itself. The only situation in which theft of an entire vehicle may be punished less stringently than theft of its contents is where the prosecution cannot prove that an unlawful entry occurred. More importantly, however, we do not, unlike defendant, necessarily equate a crime's seriousness with the value of the property taken. While value is often and properly considered in fixing penalties we do not view it as the only consideration open to the General Assembly. A statute may seek to protect interests other than property, or the legislature may perceive a need to enact a more stringent penalty provision in order to halt an increase in the commission of a particular crime. These factors, among others, may properly be taken into consideration in determining the seriousness of the offense in question. *Cf. People v. Gonzales* (1962), 25 Ill. 2d 235, 240-41.

The purpose of the burglary statute is to protect the security and integrity of certain enclosures. Section 19—1 reflects the evolution of the law of burglary from crimes involving only the unlawful entry into a "dwelling house" to unlawful entry into certain other specified enclosures, including motor vehicles. (Ill. Ann. Stat., ch. 38, par. 19—1, Committee Comments, at 569-70 (Smith-Hurd 1977).) This expansion of the law of burglary indicates that the General Assembly equates the seriousness of burglary of a motor vehicle with that of burglary of a dwelling house. In enacting section 19—1 the legislature recognized "public convenience and necessity requires constant and extensive use of the automobile as an adjunct of modern living." (*People v. Jennings* (1976), 42 Ill. App. 3d 168, 171.) On the other hand, the theft statute, section 16—1, was enacted to cover an "entire range of offenses against property." (Ill. Ann. Stat., ch. 38, par. 16—1, Committee Comments, at 18 (Smith-Hurd 1977).) Thus, it is presumed that the General Assembly considered different factors in enacting a penalty provision for theft than for burglary. Because the statutes under consideration have different goals and purposes, we cannot agree with defendant that section 19—1(b) is unreasonable. It is within the legislative province to define offenses and determine penalties required to protect the interests of our society. (*People v. Williams* (1977), 66 Ill. 2d 179, 186.) We note that burglary statutes in other States have been upheld when challenged on similar grounds. See, *e.g., Hunt v. State* (Tex. Crim. App. 1981), 625 S.W.2d 405; *Robinson v. Cochran* (Fla. 1961), 133 So. 2d 310.

Defendant cites to several cases in support of his argument. (See, *e.g., People v. Wisslead* (1983), 94 Ill. 2d 190; *People v. Wagner* (1982), 89 Ill. 2d 308; *People v. Bradley* (1980), 79 Ill. 2d 410.) While these cases are useful for general guidance, they are factually very dif-

ferent than this case. Our reading of these cases persuades us that they do not require a different outcome than the one reached here. Accordingly, we hold that section 19—1(b) does not violate article I, sections 2 and 11, of the Illinois Constitution.

Finally, defendant contends that the trial court erred in imposing a consecutive sentence for possession of burglary tools. Section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(b)) provides:

> "The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record."

In *People v. Pittman* (1982), 93 Ill. 2d 169, this court, in construing section 5—8—4(b), concluded that the trial judge is not required to recite the language of the statute in reaching its determination that a consecutive sentence is warranted. Rather, the section requires only that "the record show that the sentencing court is of the opinion that a consecutive term is necessary for the protection of the public." 93 Ill. 2d 169, 178. Accord, *People v. Hicks* (1984), 101 Ill. 2d 366, 375.

The record in the instant case shows that the trial judge reviewed a number of factors which he believed warranted defendant's incarceration. The presentence investigation report revealed that the defendant had several prior felony convictions as well as a history of drug problems. At the time defendant was sentenced, he was serving sentences for two unrelated crimes. Based on these and other aggravating factors, the trial judge concluded that defendant's character and attitude were such that, unless incarcerated, he would likely commit addi-

tional offenses. The judge noted that "excepting for his [defendant's] incarceration, he very likely would commit another criminal offense." The above statement, as well as other portions of the record, indicate that the imposition of a consecutive sentence was premised on the sentencing judge's belief that such a sentence was necessary to protect the public from this defendant.

Defendant argues, however, that the trial judge imposed a consecutive sentence because he believed that such sentences, in general, deter multiple offenses. Although the trial judge stated that he believed such sentences have a deterrent effect, the record clearly shows that the trial judge was of the opinion that a consecutive sentence was necessary in this case in order to protect the public. The fact that the sentencing judge added some personal observations before imposing sentence, while not to be encouraged, is of no consequence. As this court has repeatedly emphasized, a reviewing court should not substitute its judgment or preference as to punishment for that of the sentencing court. The trial court is ordinarily best situated to tailor a sentence or other disposition to the needs of the case. It balances the appropriate factors in imposing sentence, and the exercise of this discretion should not be altered upon review absent abuse of that discretion. (*People v. Hicks* (1984), 101 Ill. 2d 366, 375; *People v. Perruquet* (1977), 68 Ill. 2d 149, 154.) We believe that the trial court complied with section 5—8—4(b). Accordingly, we affirm the imposition of the three-year consecutive sentence for possession of burglary tools.

For the reasons stated above, the decision of the circuit court is affirmed in part and reversed in part. The cause is remanded to the circuit court of Du Page County for sentencing on defendant's burglary conviction.

*Affirmed in part and reversed*
*in part; cause remanded,*
*with directions.*