PER CURIAM.
Appellant G.D., respondent below, appeals his adjudication of delinquency for grand theft of an automobile, burglary of the same vehicle, trespass and criminal mischief. We affirm in part and reverse in part.
G.D. contends that he was a mere passenger in a stolen vehicle and therefore cannot be guilty of auto theft. Taking the evidence in the light most favorable to the State, someone else stole the automobile and drove it to G.D.’s house. G.D. went on a joyride as a passenger in the vehicle. The driver and G.D. then took the vehicle to a vacant house near G.D.’s own house. G.D. assisted the driver in opening the garage door at the empty house, and G.D. helped direct the car into the garage, after which the garage door was closed. The entry into the vacant house was without the owner’s permission.
*124 We have held that knowingly being a passenger in a stolen vehicle, without more, constitutes only the offense of trespass to a conveyance, but not theft of the vehicle. See G.C. v. State, no. 88-2571 (Fla. 3d DCA, opinion filed Jan. 30,1990). In the present case, however, the driver of the vehicle committed the theft of the automobile, an offense which continued for the duration of the use of the vehicle on the night in question. See §§ 812.012(2), 812.014(1), Fla.Stat. (1987) (“obtains or uses”). By taking overt action to assist the driver in concealing the vehicle in the garage of the unoccupied dwelling, G.D. aided and abetted the auto theft and therefore was correctly adjudicated delinquent on that charge. See M.D.V. v. State, 469 So.2d 944 (Fla. 5th DCA 1985); see also Staten v. State, 519 So.2d 622, 624 (Fla. 1988); T.J.T. v. State, 460 So.2d 508, 509 (Fla. 3d DCA 1984).
G.D. next contends that there was insufficient evidence to sustain the adjudication of delinquency for burglary of an .automobile pursuant to section 810.02, Florida Statutes (1987). We disagree. Having sustained the adjudication of theft, we conclude that the circumstances support a determination that G.D. entered or remained in the conveyance, without the consent of the owner, with intent to commit an offense therein, namely, the auto theft. We likewise conclude that there was sufficient evidence to support the adjudication for trespass to the unoccupied dwelling in the garage of which the automobile was placed.
G.D. is correct, however, in contending that there is insufficient evidence to support his adjudication of having committed two counts of criminal mischief. The adjudication as to those two counts is reversed.
Affirmed in part, reversed in part.