586 So.2d 1073 (1991)
STATE of Florida, Appellant,
v.
Corey L. STEPHENS, Appellee.
No. 89-1668.
District Court of Appeal of Florida, Fifth District.
June 6, 1991.
On Motion for Clarification October 17, 1991.
*1074 Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellee.
COBB, Judge.
The issue here concerns proper judicial interpretation of the revised burglary statute, whereby the Florida Legislature consolidated the statutes relating to burglary of structures and burglary of conveyances, thereby improvidently mixing apples and oranges and emerging with the current version of section 810.02(1), which provides:
(1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain. (Emphasis added).
It is axiomatic that criminal statutes are to be strictly construed. Therefore, the statutory reference to intent to commit an offense within a conveyance must be construed to encompass only offenses which can be committed, and completed, within the confines of the conveyance itself, e.g., theft or destruction of personal property located inside the conveyance or a criminal offense directed against a person situated inside the conveyance  i.e., assault, battery, rape, or murder.
The defendant below, Corey Stephens, was charged in Seminole County with grand theft of a motor vehicle (a Pontiac automobile), burglary of a conveyance (the same vehicle), fleeing or attempting to elude, and malicious damage to the car. The jury acquitted Stephens of all counts except burglary of the conveyance. The burglary count alleged that Stephens had committed the burglary in Seminole County by unlawfully remaining in the Pontiac without the consent of the owner, with the intent to commit an offense therein, to-wit: theft or fleeing and eluding police officers.
After the verdict, the trial judge entered a judgment of acquittal on the burglary count on the basis of improper venue. This was because the information alleged the burglary occurred in Seminole County, where the trial was held, but the evidence at trial showed that Stephens broke into the vehicle in Volusia County and then fled south in it into Seminole County, where he was apprehended. The trial judge reasoned that the burglary of the conveyance occurred in Volusia County. In fact, no burglary occurred at all.
The state's evidence adduced below was that Stephens entered a conveyance in Volusia County with the intent to steal it, not to commit any offense therein. He was not guilty of burglary of the conveyance in either Volusia County or Seminole County. Neither grand theft of a vehicle nor fleeing from a police officer in that stolen vehicle is an offense committed within the vehicle.[1] *1075 In this respect, we disagree with State v. Dalby, 361 So.2d 215 (Fla. 2d DCA 1978).
Under the rationale of Dalby and the dissent herein, a person who steals a car by driving it away after the owner leaves the key in the ignition is guilty of two felonies (grand theft and burglary), whereas a person who steals that same car by towing it away with a wrecker is guilty of only grand theft. Surely, that bizarre result was not intended by the legislature.
The dissent herein faults the majority for affirming the trial court on a basis which has not been argued by the state. The appellate courts of Florida have long recognized the "tipsy coachman" rule, which states that a trial court should be upheld if it is correct for any reason even though an incorrect reason is given by the trial court for its holding. See Vandergriff v. Vandergriff, 456 So.2d 464 (Fla. 1984); In re Yohn's Estate, 238 So.2d 290 (Fla. 1970); MacNeill v. O'Neal, 238 So.2d 614 (Fla. 1970); Carraway v. Armour & Co., 156 So.2d 494 (Fla. 1963); Cohen v. Mohawk, Inc., 137 So.2d 222 (Fla. 1962); Brookridge Community Property Owners, Inc. v. Brookridge, Inc., 573 So.2d 972 (Fla. 5th DCA 1991); Taylor v. Orlando Clinic, 555 So.2d 876 (Fla. 5th DCA 1989), review denied, 567 So.2d 435 (Fla. 1990); Greenbriar Condominium Apartments II Ass'n, Inc. v. Koch, 480 So.2d 131, 133 (Fla. 2d DCA 1985), review denied, 491 So.2d 279 (Fla. 1986); Citizens Federal Savings & Loan Ass'n of St. Lucie County v. Loeb, Rhoades, Hornblower & Co., 473 So.2d 679, 683 (Fla. 4th DCA 1984); Alls v. 7-Eleven Food Stores, Inc., 366 So.2d 484 (Fla. 3d DCA 1979); Stone v. Rosen, 348 So.2d 387 (Fla. 3d DCA 1977).
Accordingly, we affirm the trial court's acquittal of Stephens on the charge of burglary of a conveyance.
AFFIRMED.
DAUKSCH, COWART, GOSHORN and GRIFFIN, JJ., concur.
W. SHARP, J., dissents with opinion, with which HARRIS, PETERSON and DIAMANTIS, JJ., concur.
W. SHARP, Judge, dissenting.
I respectfully disagree with the majority opinion's holding that burglary of a conveyance[1] cannot be established by proof that a defendant broke into a car with the intent to steal the car, and that only proof that the defendant intended to steal some object inside the vehicle can suffice. In my view, proof of either scenario provides a factual basis to sustain a conviction of burglary of a conveyance. Since in this case there was proof Stephens broke into a car with the intent to steal it, and the jury so found, I would reverse the trial judge's judgment of acquittal on count II (burglary of a conveyance).
I also question the propriety of basing this court's opinion on an interpretation of the burglary statute which was not argued below, nor on appeal, and to which the state has not had a chance to respond. This appeal was taken by the state when the trial court dismissed count II (burglary of a conveyance) after a jury trial and guilty verdict was returned on that count. The trial judge ruled that venue to try the burglary count was improper in Seminole County, site of the trial, because the information alleged Stephens committed the crime by unlawfully remaining in the car in Seminole County, but it was proved at trial that he broke into the car in Volusia County, and drove it to Seminole.

I. BURGLARY OF A CONVEYANCE
The language of Florida's burglary of a conveyance statute is quite broad. "Burglary" is defined as "entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." Section 810.02(1), Fla. Stat. (1989). "Conveyance" means any motor vehicle, ship, vessel, railroad car, *1076 trailer, aircraft, or sleeping car; and "to enter a conveyance" includes taking apart any portion of the conveyance. Section 810.011(3), Fla. Stat. (1989). The Legislature expressly provided that burglary can be committed by entering or remaining in a structure or conveyance with the intent to commit any offense. I submit the majority opinion's holding that the statute excludes auto theft as a possible underlying offense is contrary to express legislative intent.
For support for its position, the majority relies upon State v. Hankins, 376 So.2d 285 (Fla. 5th DCA 1979). In Hankins, the defendant was charged with burglary after being observed with hubcaps from an automobile. The question on appeal was "whether the simple removal of hubcaps constitutes burglary of a conveyance." 376 So.2d at 286. This court held that it did not. Although the removal of the hubcaps met the definition of "to enter a conveyance", there was no "entering" the conveyance with the intent to commit an offense, an essential element of burglary. In other words, the "taking apart" of the conveyance itself is not burglary if the defendant fails to enter or remain in the conveyance with the requisite intent.
Unlike the situation in Hankins, here Stephens entered a car with the intent to steal it. In State v. Dalby, 361 So.2d 215 (Fla. 2d DCA 1978), a case identical to the present case, the court specifically held that the state may charge a defendant with burglary of a conveyance when the offense referred to in the statute is the theft of the vehicle itself. In Dalby, the defendant moved to dismiss the information against him, arguing that the word "therein" in the burglary statute requires that the offense which a person has the intent to commit must be capable of being committed within the vehicle. He also argued that it was impossible to commit the offense of grand larceny of a conveyance from within that conveyance since larceny requires exportation of the entire vehicle. The trial court agreed with the defendant and dismissed the information. On appeal, the court held that this ruling was erroneous:
While we agree that the word `therein' requires that the offense must be capable of being committed within the vehicle, we also think that a defendant can commit grand larceny of a vehicle in this fashion. The fact that the entire vehicle must move for the larceny to occur is irrelevant. It is not the vehicle which is committing the crime but rather the defendant, and the defendant causes the movement of the vehicle by sitting within the vehicle's passenger compartment and pressing the accelerator.
361 So.2d at 216.
The court also rejected the defendant's argument on appeal that the Legislature did not intend for the burglary statute to cover this particular factual situation:
In Thayer v. State, 335 So.2d 815, 817 (Fla. 1976), the supreme court said,
`The law clearly requires that the legislative intent be determined primarily from the language of the statute because a statute is to be taken, construed and applied in the form enacted. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918); Vocelle v. Knight Bros. Paper Co., 118 So.2d 664 (Fla. 1st DCA 1960). The reason for this rule is that the Legislature must be assumed to know the meaning of words and to have expressed its intent by the use of the words found in the statute.'
Here there is no ambiguity in the language of the statute. Burglary occurs when there is entering with intent to commit any offense. Consequently, we must assume that the legislature intended for a person to be guilty of burglary of a conveyance when he enters the conveyance with the intent to steal it. (emphasis in original)
361 So.2d at 216. See also State v. Harley, 362 So.2d 379 (Fla. 2d DCA 1978) (state may charge a defendant with burglary of a conveyance when the offense referred to in the burglary statute is the unauthorized, temporary use of the same conveyance).[2]
*1077 In a recent case, Jones v. State, 569 So.2d 1234 (Fla. 1990), the Florida Supreme Court upheld a conviction for burglary of a conveyance based on allegations and proof that the defendant intended to commit either murder or robbery. The record established that Jones shot into a pickup truck, killing both victims. Then he entered the truck twice while armed. The court wrote: "On the first occasion he removed the victims. On the second, he took the vehicle. We conclude the offenses in question are predicated on multiple underlying acts, and that Jones may be sentenced on each." Entering the vehicle with intent to steal it was expressly allowed in that case to stand as a basis for the defendant's conviction of burglary of a conveyance.
Another jurisdiction which has examined this matter in greater detail is Illinois. A person commits burglary in Illinois "when without authority he knowingly enters ... a motor vehicle ... or any part thereof, with intent to commit therein a felony or theft." Illinois Revised Statutes, Ch. 38, par. 19-1. In People v. Sansone, 94 Ill. App.3d 271, 49 Ill.Dec. 842, 418 N.E.2d 862 (Ill. App. 1 Dist. 1981), the defendant argued that the word "therein" in the burglary statute referred only to property taken from within the vehicle. Defendant claimed that because he entered the vehicle with the intent to steal the entire vehicle and not just a component part therefrom, his conviction for burglary should be set aside. The appellate court rejected this argument, concluding that the defendant committed a felony in the automobile because he intended to steal the car itself and that felony satisfied the requirements of the burglary statute.
In People v. Mullinex, 125 Ill. App.3d 87, 80 Ill.Dec. 344, 465 N.E.2d 135 (Ill. App. 2 Dist. 1984), the defendant argued that proof of his entering the automobile with intent to steal the vehicle did not constitute the offense of burglary. The defendant argued that the legislature did not intend that entry into an automobile, with the intent to steal the vehicle itself, should be punished as burglary. Relying on the plain language of the burglary statute, the appellate court concluded that the defendant committed a burglary when he entered the victim's automobile with the intent to steal the vehicle. The court noted that there is nothing in the statutory language itself that restricts the burglary statute to situations in which the defendant steals or intends to steal something from the interior of the automobile, as opposed to attempting to steal or actually steals the vehicle itself. The court further noted that adoption of the defendant's position would not be in harmony with the legislative enactment and intent because his interpretation of the statute would create an absurd or illogical result. For example, under the defendant's view of the statute, a person who enters an automobile without authority and with the intent to steal an item from within the vehicle could be punished as a burglar, whereas an individual who enters a car unlawfully with the intent to steal the entire vehicle could be convicted only of the less serious offense of theft or attempted theft. 80 Ill.Dec. at 347, 465 N.E.2d at 138.
In People v. Steppan, 105 Ill.2d 310, 85 Ill.Dec. 495, 473 N.E.2d 1300 (Ill. 1985), the Illinois Supreme Court agreed that the appellate courts had properly interpreted the burglary statute. In that case, the defendant argued that inclusion of the word "therein" in the burglary statute restricts the scope of the statute to situations in which a defendant steals or intends to steal something from inside a vehicle. The court rejected this argument as contrary to the plain meaning of the statute and the legislative intent in enacting the burglary statute:
The word `therein' has been commonly understood to mean `in that place.' (Black's Law Dictionary 1325 (5th ed. 1979).) As thus understood, the inclusion of the word `therein' in the statute does not necessarily require that a defendant intend to steal something from inside the vehicle. It is more logical, in light of the statute's purpose, to construe *1078 the inclusion of the word `therein' as merely requiring that a defendant's intent to steal or commit a felony coincide with the unauthorized entry.
85 Ill.Dec. at 494, 473 N.E.2d at 1304.
Since the Florida burglary statute is worded similarly to Illinois', I think it also should be interpreted to its full extent. Neither state's statute expressly or impliedly limits this offense to crimes to be committed within the confines of the vehicle itself. Under both, intent to steal the car itself should qualify as "an offense" or "a felony or theft." Because the record supports the jury's finding that Stephens remained in the vehicle with the intent to steal it, I would sustain his conviction for burglary of a conveyance under the statute.

II. PROPER VENUE FOR BURGLARY OF A MOVING VEHICLE
As presented to us by the parties, the venue issue on appeal constitutes a case of first impression in Florida regarding the proper interpretation of the new, consolidated burglary statute, section 810.02(1), and whether the expanded definition of burglary therein makes applicable the venue provision of section 910.05. Section 810.02(1) defines burglary as "entering or remaining in ... a conveyance with the intent to commit an offense therein... ." Section 910.05 makes venue proper in either county "[i]f the acts constituting one offense are committed in two or more counties, ..."
The evidence at trial established that Stephens and an accomplice broke into Robert Wallace's Pontiac in Daytona Beach. Pursued by police officers, Stephens drove the car southwest on I-4 at a high rate of speed (as much as 125 m.p.h). When he crossed the county line into Seminole County, Seminole County police picked up the chase. While still in Seminole County, Stephens pulled off I-4 and into a parking lot. He crashed into sprinklers, a sign and hedges in an effort to elude capture. The Seminole County deputies surrounded and arrested him.
The second amended information, pursuant to which Stephens was tried in Seminole County, charged him with grand theft of a motor vehicle (count I),[3] burglary of a conveyance (count II),[4] failing to stop when directed to do so by the police (count III),[5] and causing malicious damage to the car (count IV).[6] All of these offenses were alleged to have been committed in Seminole County. The jury found Stephens not guilty on three of these counts but it found him guilty as to count II, the burglary offense.
With regard to count II, the information alleged that Stephens committed the burglary in Seminole County by unlawfully remaining in the Pontiac without the consent of the owner, with the intent to commit an offense therein, to wit: theft or fleeing and eluding police officers. Nothing in count II or any other count mentions Stephens' criminal acts in Volusia County.
Under our state constitution, a defendant has the right to be tried in the county where the crime took place[7] although this right can be waived.[8] Accordingly, venue must be alleged in the information or indictment. But failure to allege venue is not fatal if the defendant fails to object prior to trial, and if no prejudice can be shown.[9] If venue is improperly alleged (in contrast with simply being omitted), so that the evidence shows a crime was committed in a different county than the one charged, the conviction must be reversed. Mounier v. State, 178 So.2d 714 (Fla. 1965); McKinnie v. State, 44 Fla. 143, 32 So. 786 (1902); *1079 State v. Katz, 417 So.2d 716 (Fla. 2d DCA 1982), rev. denied, 429 So.2d 6 (Fla. 1983).
An exception to the strict venue rule is provided by section 910.05 for crimes where the acts constituting one offense are committed in two or more counties. Trial in any county where any of the facts took place is sufficient. Tucker v. State, 100 Fla. 1440, 131 So. 327 (1930). This rule has been liberally applied in theft or larceny cases where the thief carries the goods across county lines,[10] in homicide cases where part of the criminal acts commenced in one county and ended in another,[11] and in conspiracy cases when multiple acts in various counties are involved.[12]
It is thus essential in this case to resolve whether the burglary occurred only in Volusia County, or whether it also occurred in Seminole County.[13] At common law, burglary was very narrowly defined as breaking and entering a dwelling house of another person, at night, with the intent to commit a felony therein. State v. Hicks, 421 So.2d 510 (Fla. 1982). There was no problem in determining where the burglary occurred, since dwellings were stationary; nor when it occurred since the instant of entry after break-in was sufficient. 3 Wharton's Criminal Law § 334 at 205. Accordingly, burglary was not considered to be a "continuing" offense, unlike theft or larceny.[14]But see Williams v. State, 517 So.2d 681 (Fla. 1988) (defendant who entered a dwelling unarmed, but who obtained a weapon in the course of the taking objects from the home, held guilty of armed robbery).
However, current burglary statutes in many states, including Florida, have created "a modern crime which has little in common with its common law ancestor except for the title of burglary."[15] Burglary now encompasses conveyances (cars) which are mobile; and the offense is defined disjunctively as either "entering or remaining in" with the intent to commit an offense. Toole v. State, 472 So.2d 1174 (Fla. 1985); Hicks.
Based on this broadened definition, it appears that one burglary offense can be proved by two different sets of facts: unlawful entry or unlawfully remaining in a structure or conveyance. The time for each could theoretically be different. In the case of a moving object, the places could also be different.
Stephens argues that the "remaining in" language of section 810.02(1) does not apply in this case because he unlawfully entered the car. Only if he had entered the car with permission from the owner, and the permission or license had later been withdrawn, would the language, "remaining in" the car with intent to commit a crime, be applicable. Indeed, all of the Florida cases dealing with the "remaining in" language of the statute concern fact situations where the entry was lawful, but the defendant's remaining later became unauthorized or unlawful. See Routly v. State, 440 So.2d 1257 (Fla. 1983), cert. denied, 468 U.S. 1220, 104 S.Ct. 3591, 82 L.Ed.2d 888 (1984); Ray v. State, 522 So.2d 963 (Fla. 3d DCA), rev. denied, 531 So.2d 168 (Fla. 1988).
But, these Florida cases do not address the issue of whether burglary can also be established under this statute by proving unlawful entry coupled with unlawfully remaining *1080 with intent to commit a crime (here, grand theft and fleeing the police). If the statute is so limited, as Stephens suggests, it would also preclude a burglary conviction in the situation where a defendant unlawfully enters with no intent to commit a crime, but after unlawfully remaining therein, develops the necessary criminal intent. No such interpretation is apparent from the simple alternative language used by the statute.
Other states which have similar statutes have wrestled with application of the "remaining in" language in other contexts. In State v. Mogenson, 10 Kan. App. 2d 470, 701 P.2d 1339 (1985), the issue was whether the trial court properly instructed the jury on the alternative ways to prove burglary. It said ordinarily the burglary instruction should only use the phrase which is descriptive of the facts. But if it is not clear, and if the crime was properly charged, an alternative instruction is proper. In Mogenson, there were disputed facts about whether the initial entry was with the owner's consent. The court said, however, that the jury could find the defendant guilty of burglary, whether the entry was lawful, if the "remaining in" was unlawful and the intent to commit a crime coincided with the defendant's "remaining in."
Similarly, in State v. Papineau, 53 Or. App. 33, 630 P.2d 904, rev. denied, 291 Or. 662, 639 P.2d 1280 (1981), the court held that the alternate language "enter or remain" permitted proof of a burglary where the defendant unlawfully entered an apartment, with intent to steal money, and later when challenged by the victim unexpectedly, the defendant remained in the apartment and formulated an intent to rob and assault the victim. The court would have sustained two burglary convictions under these facts, but it held the second was "merged" with robbery. It appears equally logical, however, to conclude that the alternative "enter or remain in" language only permits one conviction for one offense, although that offense can be established by two different sets of facts.[16]
In State v. Belton, 190 Conn. 496, 461 A.2d 973 (1983), the court held that the information upon which the prosecution was based was defective because it failed to charge that the defendant "unlawfully remained in" the structure with intent to commit a crime. In such a case, the court held it was error for the trial court to instruct the jury that burglary could be proved by "unlawfully remaining in" conduct. But, the court said the "remaining in" instruction would have been proper, had the information alleged such conduct, even though there was proof of an initial unlawful entry.
In this case, the information clearly charged Stephens with unlawfully remaining in the car, in Seminole County, with intent to steal the car or flee and elude the police. The evidence abundantly supported the jury's determination of guilt. Because I think Stephen's conduct in Seminole County as alleged in the information and proved at trial is a crime under the burglary statute and that crime was committed in Seminole County (even though Stephen's initial entry in Volusia County was unlawful), I would sustain the jury's verdict and find venue was proper in Seminole County. Section 910.05, Fla. Stat. (1987). No double jeopardy problems can arise in Florida because of section 910.11(2). See also Woodward v. Petteway, 123 Fla. 892, 168 So. 806 (1935).[17]
HARRIS, PETERSON and DIAMANTIS, JJ., concur.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant appellant's motion for clarification and certify that the following question is one of great public importance:
IS BURGLARY OF A CONVEYANCE PROVED WHEN THE EVIDENCE *1081 SHOWS THAT THE ACCUSED ENTERED THE CONVEYANCE FOR THE SOLE PURPOSE OF STEALING IT, RATHER THAN COMMITTING SOME OTHER OFFENSE THEREIN?
In all other regards, our en banc opinion stands as previously issued.
GOSHORN, C.J., and DAUKSCH, COBB, W. SHARP, COWART, HARRIS, PETERSON, GRIFFIN and DIAMANTIS, JJ., concur.
NOTES
[1] State v. Hankins, 376 So.2d 285, 286 (Fla. 5th DCA 1979).
[1] Section 810.02(1), Fla. Stat. (1989).
[2] While not addressing this issue, the third district has upheld an adjudication of delinquency for burglary of an automobile based on a determination that the juvenile entered or remained in the conveyance with the intent to commit an offense therein, namely the theft of the automobile. G.D. v. State, 557 So.2d 123 (Fla. 3d DCA 1990).
[3] Sections 817.014(1) and 817.014(2)(c)4, Fla. Stat. (1987).
[4] Section 810.02(1), Fla. Stat. (1987).
[5] Section 316.1935, Fla. Stat. (1987).
[6] Sections 806.13(1)(a) and 806.13(1)(b)(3), Fla. Stat. (1987).
[7] Art. I, § 16, Fla. Const.
[8] 15 Fla.Jur.2d Criminal Law § 566.
[9] Fla.R.Crim.P. 3.140(o); Tucker v. State, 459 So.2d 306 (Fla. 1984); Murphy v. State, 407 So.2d 296 (Fla. 1st DCA 1981).
[10] Section 910.10, Fla. Stat. (1987); Tucker v. State, 100 Fla. 1440, 131 So. 327 (1930).
[11] Copeland v. State, 457 So.2d 1012 (Fla. 1984), cert. denied, 471 U.S. 1030, 105 S.Ct. 2051, 85 L.Ed.2d 324 (1985); State v. Katz, 417 So.2d 716 (Fla. 2d DCA 1982), rev. denied, 429 So.2d 6 (Fla. 1983).
[12] See Martin v. State, 488 So.2d 653 (Fla. 1st DCA 1986).
[13] Section 910.03 would have authorized this trial in Seminole County for the burglary in Volusia County, because the burglary was part of a criminal episode which partly took place in Seminole County. The problem with relying on section 910.03 is that the information in this case did not allege the burglary took place in Volusia County.
[14] 3 Wharton's Criminal Law § 334 at 205.
[15] LaFave & Scott Criminal Law § 96, at 715. See also Burglary is for Buildings, or is It? Protected Structures and Conveyances under Florida's Present Burglary Statute", Latimer, 9 Stetson L.Rev. 347 (1980).
[16] See Hambrick v. State, 174 Ga. App. 444, 330 S.E.2d 383 (Ga. App. 1985).
[17] The converse also should follow: If Stephens was not properly charged and tried in Seminole County, section 910.11(2) should not bar a trial in Volusia County. See § 918.04, Fla. Stat. (1987). However, that question is not before us in this case.