THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DUANE CRUMP, Defendant-Appellant.

First District (2nd Division)   No. 1—97—2544

Opinion filed May 19, 1998.

Rita A. Fry, Public Defender, of Chicago (James N. Perlman, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Christine L. Kornak, Assistant State's Attorneys, of counsel), for the People.

JUSTICE TULLY delivered the opinion of the court:

Following a bench trial, defendant Duane Crump was convicted of burglary (720 ILCS 5/19—1(a) (West 1996)) and sentenced to five years in prison. He contends on appeal that his conviction should be reversed because the burglary statute does not extend to motor vehicles that are inoperable. This court has jurisdiction pursuant to Supreme Court Rule 603 (134 Ill. 2d R. 603).

## FACTUAL HISTORY

The facts are undisputed. At 11 a.m. on July 18, 1996, Johnny Jackson was involved in a car accident near 5900 South Stony Island in Chicago. Jackson was taken to the hospital and his car, which was rendered disabled, was moved to the side of the road. Later that day, Officer Robert Bullington was informed by a citizen that a man was about to break into a car. Bullington went to investigate and saw defendant swinging a hammer at the trunk of a car that had apparently been damaged in an accident. The evidence at trial established that the car in question belonged to Jackson, who did not know defendant or give him permission to enter the car.

By the time Bullington reached defendant, the trunk was open and defendant was removing items from the trunk and putting them into a blue bucket. The items were later identified by Jackson as his property. Bullington also found a hammer, tire iron and screwdriver in the trunk, which the victim denied owning. When Bullington asked defendant what he was doing, defendant replied that the car belonged to a friend of his who told defendant to remove the items.

Defendant, testifying in his own behalf, stated that as he was walking home he passed a car that "was tore up like it had just gotten through—like just got into an accident." The police then drove up and arrested him. Defendant denied taking items from the car and further denied making the statement attributed to him by Officer Bullington.

## ISSUE PRESENTED FOR APPEAL

On appeal, defendant contends that his conviction should be reversed because the burglary statute does not extend to motor vehicles that are inoperable.

## ANALYSIS

■ Section 19—1(a) of the Criminal Code of 1961 provides, in pertinent part, that "[a] person commits burglary when without authority he knowingly enters or without authority remains within a *** motor vehicle as defined in The Illinois Vehicle Code *** with intent to commit therein a felony or theft." 720 ILCS 5/19—1(a) (West

1996). The Illinois Vehicle Code defines a motor vehicle as "[e]very vehicle which is self-propelled." 625 ILCS 5/1—146 (West 1996).

■ Defendant argues that because the car in question was inoperable at the time he entered it, it was not capable of self-propulsion and therefore did not fall within the purview of the burglary statute. Defendant cites no authority to support his argument other than case law stating that criminal statutes must be strictly construed in favor of the defendant. The State responds that defendant's construction of the statute is contrary to the legislative purpose of protecting the security of automobiles and would lead to absurd results, such as excluding cars that had run out of gas.

We agree with the State. The burglary statute is intended to "protect the security and integrity of certain specified enclosures, including motor vehicles." *People v. Steppan*, 105 Ill. 2d 310, 317 (1985). Adoption of defendant's proposed interpretation would seriously undermine the protection intended to be afforded under the statute. It is likely, as was the situation in the case at bar, that a car would still contain the personal property of its owner even though the car had been recently rendered inoperable. Defendant does not argue that the car appeared to be abandoned. It would be absurd to conclude that the legislature intended to exclude such a vehicle from the purview of the burglary statute. We presume that the legislature, in enacting the burglary statute, did not intend absurd or unjust results. See *Steppan*, 105 Ill. 2d at 316. In our view, the legislature intended to afford the protection of the burglary statute to vehicles that were created to be self-propelled, regardless of whether they are operable at the time of the offense. Any other conclusion would fly in the face of any reasonable interpretation of the statute in question.

Affirmed.

McNULTY, P.J., and RAKOWSKI, J., concur.