THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY T. TUCKER, Defendant-Appellant.

First District (4th Division)    No. 1—91—3729

Opinion filed June 16, 1994.

Michael J. Pelletier and Anna Ahronheim, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Theodore F. Burtzos, and Jon J. Walters, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAHILL delivered the opinion of the court:

The defendant Anthony Tucker was convicted of aggravated battery with a firearm and sentenced to eight years in prison. He contends on appeal that the aggravated battery with a firearm statute is unconstitutional because it violates guarantees of due process and proportionate penalties. We affirm.

The defendant does not challenge the evidence. It established that on December 6, 1991, the defendant and codefendants DeIvory Jenkins and Maurice Garrett confronted rival gang members at a housing complex near North Avenue and Larrabee Street in Chicago. Prosecution witnesses testified that they observed the defendant shoot Bobbie Wright in the back as he ran.

The defendant contends on appeal that the aggravated battery with a firearm statute is unconstitutional because it violates his rights under the Illinois Constitution to due process of law and proportionate penalties. (Ill. Const. 1970, art. I, §§ 2, 11.) Both constitutional challenges are based upon the argument that aggravated battery with a firearm is a less serious offense than aggravated battery based on great bodily harm.

■ The aggravated battery with a firearm statute reads "[a]ny person who, in committing a battery, knowingly causes any injury to another by means of the discharging of a firearm, commits aggravated battery with a firearm." (Ill. Rev. Stat. 1991, ch. 38, par. 12—4.2(a).) It is a Class X felony. (Ill. Rev. Stat. 1991, ch. 38, par. 12—4.2(b).) Aggravated battery, which requires the intentional infliction of "great bodily harm, or permanent disability or disfigurement," is a Class 3 felony. Ill. Rev. Stat. 1991, ch. 38, par. 12—4.

■ The legislature has wide discretion under the State's police power to prescribe penalties for defined offenses. (*People v. Upton* (1986), 114 Ill. 2d 362, 373, 500 N.E.2d 943.) Courts are reluctant to invalidate penalties set by the legislature. (*People v. Bryant* (1989),

128 Ill. 2d 448, 456, 539 N.E.2d 1221.) Legislation survives a due process challenge if it is reasonably designed to remedy the evils the legislature believes are a threat to the public health, safety and general welfare. (*People v. Steppan* (1985), 105 Ill. 2d 310, 319, 473 N.E.2d 1300.) The constitutional guarantee of proportionate penalties is violated where the penalty prescribed for an offense is greater than the penalty prescribed for a more serious offense. (*People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E.2d 512.) In proportionate penalties, the court will consider the relative seriousness of the offenses being compared. *People v. Bales* (1985), 108 Ill. 2d 182, 194-95, 483 N.E.2d 517.

■ The defendant argues that aggravated battery based on great bodily harm is a more serious crime than aggravated battery with a firearm. He notes that aggravated battery requires intentional or knowing infliction of great bodily harm, while aggravated battery with a firearm includes "any" injury, no matter how minor, inflicted by the discharge of a firearm. Essentially, the defendant equates seriousness of the offense with the degree of harm inflicted. While this is a relevant consideration, we do not agree that it is the only one which may have been considered by the legislature in setting the penalty for aggravated battery with a firearm.

In *People v. Johns* (1992), 153 Ill. 2d 436, 449, 607 N.E.2d 148, the supreme court observed that the legislature may see a need to enact a more stringent penalty for a certain offense to halt an increase in it. The legislature has also been empowered to declare and define conduct constituting a crime and to determine the nature and extent of punishment for it. *People v. Taylor* (1984), 102 Ill. 2d 201, 205, 464 N.E.2d 1059.

We recently rejected a challenge to the aggravated discharge of a firearm statute (Ill. Rev. Stat. 1991, ch. 38, par. 24—1.2), and an argument similar to the one here. (*People v. James* (1993), 246 Ill. App. 3d 939, 617 N.E.2d 115.) The defendant in *James* argued that the aggravated discharge of a firearm, a Class X felony, was a less serious crime than aggravated assault, which carried a lesser penalty. The court said that it was not authorized to convert a legislatively set greater offense into a lesser one. The court explained that, "[t]he legislature, in its wisdom, created the offense of aggravated discharge of a firearm and, by affixing a greater penalty, made it a more serious crime than aggravated assault." (*James*, 246 Ill. App. 3d at 946.) The legislature has the authority to determine penalties based on its perception of how seriously a particular crime threatens the public health, safety and general welfare. *People v. Johns* (1992), 153 Ill. 2d 436, 447-49, 607 N.E.2d 148.

We find the cases cited by the defendant distinguishable. In *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029, the supreme court struck down a statute which punished possession of a controlled substance more severely than delivery. The court noted that the provision contravened the legislature's intention to punish those who traffic in drugs more severely than those who merely possess them. In *People v. Wagner* (1982), 89 Ill. 2d 308, 443 N.E.2d 267, the supreme court held unconstitutional a statutory provision which punished the delivery of a "look alike" substance more severely than delivery of the controlled substance it resembled. The court said that it was "not logical" to believe that the legislature intended to punish delivery of a noncontrolled substance more severely than a controlled substance. In response to *Wagner*, the legislature reenacted a similar statute, with a preamble explaining its reasons for punishing the delivery of certain "look alike" substances more severely than some controlled substances. The supreme court upheld the reenacted legislation in *People v. Upton* (1986), 114 Ill. 2d 362, 500 N.E.2d 943.

We reject the defendant's challenge to the constitutionality of the aggravated battery with a firearm statute and affirm the judgment of the circuit court.

Affirmed.

HOFFMAN, P.J., and JOHNSON, J., concur.