(No. 78085.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ANTHONY LEE, Appellant.

*Opinion filed September 21, 1995.*

Daniel M. Kirwan, Deputy Defender, and Michelle A. Zalisko, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

James E. Ryan, Attorney General, of Springfield, and Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris and Kendra S. Mitchell, of the Office of the State's Attorneys Appellate Prosecutor, of Mt. Vernon, of counsel), for the People.

CHIEF JUSTICE BILANDIC delivered the opinion of the court:

The defendant, Anthony Lee, was convicted by a jury in the circuit court of St. Clair County of one count of aggravated battery with a firearm (Ill. Rev. Stat. 1991, ch. 38, par. 12—4.2) and sentenced to six years' imprisonment. The appellate court affirmed his conviction and sentence (No. 5—93—0118 (unpublished order under Supreme Court Rule 23)). We granted the defendant's petition for leave to appeal (145 Ill. 2d R. 315). The issue before this court is whether the aggravated battery with a firearm statute violates the constitutional guarantees of due process and proportionate penalties.

The record reveals that, on February 1, 1992, the de-

fendant hit his long-time girlfriend, Arnetta Gilmore, during a fight. Gilmore called the police and changed the locks to her apartment. The next evening, fearful that the defendant might return, Gilmore invited her friends Calvin Jones and Larry Pippen to spend the night at her apartment. Jones got into bed with Gilmore sometime during the night.

On the morning of February 3, the defendant gained entry into the apartment. When the defendant found Gilmore and Jones in the same bed, he became upset and reached for the gun in his waistband. Gilmore ran to another apartment to call the police. Jones then struggled with the defendant for possession of the gun, while calling out for Pippen to assist him. Pippen entered the bedroom and jumped on the defendant's back. When Jones realized that the gun was not loaded, he and Pippen released the defendant.

The defendant headed for the bedroom door and picked up his gun clip, which had fallen to the floor. Another struggle ensued. When Pippen attempted to hit the defendant with a pipe, the defendant shot Pippen. Jones eventually made his way out of the bedroom and to the front door of the apartment. The defendant shot Jones as he tried to unlock the front door. The defendant continued shooting at Jones as he ran toward another apartment.

The jury convicted the defendant of aggravated battery with a firearm for shooting Jones. As noted, the appellate court affirmed his conviction and his sentence of six years' imprisonment. In doing so, the appellate court rejected the defendant's claim that the aggravated battery with a firearm statute is unconstitutional. We now affirm the appellate court, for the reasons given below.

The statute at issue in this appeal provides: "Any person who, in committing a battery, knowingly causes any injury to another by means of the discharging of a firearm, commits aggravated battery with a firearm."

(Ill. Rev. Stat. 1991, ch. 38, par. 12—4.2(a).) Aggravated battery with a firearm is a Class X felony, which is punishable by a term of imprisonment ranging from 6 to 30 years and is nonprobational. Ill. Rev. Stat. 1991, ch. 38, pars. 12—4.2(b), 1005—5—3(c)(2)(C), 1005—8—1(a)(3).

The defendant contends that the aggravated battery with a firearm statute violates the due process clause and the proportionate penalties clause of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §§ 2, 11). In support of this argument, he compares that offense with a number of other offenses. These comparisons, the defendant maintains, reveal that the aggravated battery with a firearm statute (1) is not reasonably designed to remedy the evils targeted by the legislature, and (2) punishes this less serious crime more severely than other, more serious crimes are punished.

Initially, we note that a court has the duty to affirm a statute's constitutionality and validity if reasonably possible. (*People v. Shephard* (1992), 152 Ill. 2d 489, 499.) Furthermore, a person challenging a statute bears the burden of establishing its invalidity. *People v. Bales* (1985), 108 Ill. 2d 182, 188.

The defendant's claim rests upon the following two provisions of the Illinois Constitution of 1970. Article I, section 2, states: "No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws." (Ill. Const. 1970, art. I, § 2.) Article I, section 11, provides in pertinent part: "All penalties shall be determined *** according to the seriousness of the offense ***." (Ill. Const. 1970, art. I, § 11.) The policy underlying these provisions would be violated if the penalty prescribed for a less serious offense is greater than the penalty prescribed for a more serious offense. *People v. Wisslead* (1983), 94 Ill. 2d 190, 196.

The legislature has the power to declare and define

conduct constituting a crime and to determine the nature and extent of punishment for it. (*People v. Taylor* (1984), 102 Ill. 2d 201, 205.) Although the due process clause and the proportionate penalties clause place some restraint on the legislature's power in this regard, courts are reluctant to invalidate the penalties prescribed by the legislature. (*People v. Steppan* (1985), 105 Ill. 2d 310, 319.) This court has recognized that, institutionally, the legislature is more aware than the courts of the evils confronting our society and more capable of gauging the seriousness of various offenses. (*Steppan*, 105 Ill. 2d at 319.) Accordingly, with regard to the due process provision, a court requires that the penalty prescribed for a particular crime be reasonably tailored to remedy the evils which the legislature has determined to be a threat to the public health, safety, and general welfare. (*People v. Hickman* (1994), 163 Ill. 2d 250, 259; *People v. Bradley* (1980), 79 Ill. 2d 410, 417.) As to the limitations-of-penalties provision, interference with legislative judgment is justified only where the designated punishment is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community. *People v. Morris* (1990), 136 Ill. 2d 157, 167.

In support of his argument that the aggravated battery with a firearm statute violates these constitutional guarantees, the defendant presents the following scenario. He contends that, under that statute, he is being punished more severely for injuring the victim than he would have been had he killed the victim. He correctly notes that aggravated battery with a firearm is a non-probational, Class X felony. The defendant argues that, had the victim died, he could have been convicted of either involuntary manslaughter, a Class 3 felony, or second degree murder, a Class 1 felony, and would have been eligible for probation. (Ill. Rev. Stat. 1991, ch. 38, pars. 9—2, 9—3; see Ill. Rev. Stat. 1991, ch. 38, par.

1005—5—3.) This possibility, the defendant maintains, causes the aggravated battery with a firearm statute to be constitutionally infirm.

The defendant's argument is flawed, however, because it assumes that the degree of harm is the only factor to be considered in determining the seriousness of an offense. To the contrary, although the degree of harm inflicted is a relevant consideration, it is not the only factor that the legislature may consider in determining the seriousness of a crime and the punishment for it. (*Bales*, 108 Ill. 2d at 196-97.) The legislature may consider other factors such as the frequency of the crime and the high risk of bodily harm associated with it. (*Bales*, 108 Ill. 2d at 196.) Also, the legislature may perceive a need to enact a more stringent penalty provision in order to halt an increase in the commission of a particular crime. See *People v. Johns* (1992), 153 Ill. 2d 436, 449, quoting *Steppan*, 105 Ill. 2d at 320.

The plain language of the aggravated battery with a firearm statute demonstrates that the legislature was targeting the specific act of knowingly discharging a firearm and inflicting injury. The legislature reasonably could have determined that a more stringent penalty for this offense is required, given the frequency of the crime and the high risk of bodily harm associated with it. As the legislature is undoubtedly aware, our communities have witnessed a proliferation in the number and use of firearms. Moreover, firearms pose a unique threat of injury. The simple pull of a trigger carries with it a high risk of both death and serious, debilitating injury. Therefore, the defendant has failed to persuade us that the aggravated battery with a firearm statute is not reasonably designed to remedy the evils which the legislature has selected for treatment under it. Neither are we persuaded that designating the offense of aggravated battery with a firearm as a Class X

felony is cruel, degrading, or so wholly disproportionate as to shock the moral sense of the community. See *People v. Lopez* (1995), 166 Ill. 2d 441, 450-51 (rejecting a very similar argument).

The defendant further asserts that the penalty for aggravated battery with a firearm is unreasonable and disproportionate when compared to the penalties for other battery crimes. Specifically, he compares his crime and punishment with that for simple battery, a Class A misdemeanor (Ill. Rev. Stat. 1991, ch. 38, par. 12—3), and with two forms of aggravated battery (Ill. Rev. Stat. 1991, ch. 38, pars. 12—4(a), (b)(1)), both of which are Class 3 felonies (Ill. Rev. Stat. 1991, ch. 38, par. 12—4(e)). In essence, the defendant's position is that his crime of knowingly inflicting injury by firing a bullet into his victim is no more serious than a simple battery, an aggravated battery in which great bodily harm is inflicted, or an aggravated battery committed with a knife.

Our appellate court, when presented with these same claims, rightly rejected them. (See *People v. Roberts* (1994), 265 Ill. App. 3d 400, 404-06; *People v. Tucker* (1994), 264 Ill. App. 3d 923.) We agree with the appellate court's analysis in this respect. The legislature acted well within its broad discretion when it determined that the offense of aggravated battery with a firearm is more serious than the cited battery offenses. (See *Morris*, 136 Ill. 2d at 161.) We therefore reject the defendant's arguments.

In conclusion, the aggravated battery with a firearm statute withstands the defendant's constitutional challenges. The judgment of the appellate court is affirmed.

*Affirmed.*