THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JIMMIE FORD, Defendant-Appellant.

First District (4th Division)   No. 1—02—2067

Opinion filed August 26, 2004.

Michael J. Pelletier and Douglas R. Hoff, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Sari London, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE QUINN delivered the opinion of the court:

Defendant Jimmie Ford appeals from an order of the circuit court summarily dismissing his third *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2002)). He contends, for the first time, that his extended prison term of 60 years for attempted first degree murder, based on the trial court's finding that the offense was accompanied by heinous and brutal conduct indicative of wanton cruelty, violates the proportionate penalties clause of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 11). Defendant also contends that the trial court erred in dismissing his petition because he presented a constitutional claim that his extended-term sentence was imposed in violation of the ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). For the following reasons, we affirm.

An extensive recitation of the facts of this case is found in *People v. Ford*, No. 1—91—3782 (1994) (unpublished order under Supreme Court Rule 23). Therefore, we relate only those facts that are pertinent to the issues before us.

Following a jury trial, defendant was found guilty of attempted first degree murder and aggravated battery. The evidence at trial established that in the early morning hours of June 17, 1990, the victims, Connor Fennessy and Amy Dossett, were in the park area near the beach at 62nd Street and Lake Shore Drive in Chicago after their motorcycle broke down, when defendant approached them, brandishing a sawed-off shotgun. Words were exchanged and Fennessy grabbed the gun and began struggling with defendant. Fennessy succeeded in wrestling the gun away from defendant. Fennessy then ejected the shell and threw the gun as far as he could, attempting to toss it in the lake. Fennessy and Dossett got on their motorcycle and attempted to drive away, but their motorcycle stalled after approximately 50 feet and would not start again. While Fennessy and Dossett were attempting to drive away, defendant retrieved the gun and ran back toward them. Defendant approached Fennessy and shot him in the abdomen at close range. Defendant grabbed Dossett, and while dragging her across Lake Shore Drive, he hit her with the gun. Defendant then suddenly released Dossett and fled from the area. The

police arrived and apprehended defendant shortly thereafter. He was positively identified at the scene, as was the shotgun he used. Fennessy survived the incident, but suffered a disabling injury that required several surgeries.

In sentencing defendant, the trial court imposed an extended prison term of 60 years for attempted first degree murder based on its finding that defendant's conduct was "heinous, brutal [and] indicative of wanton cruelty." Defendant was also sentenced to a consecutive five-year prison term for aggravated battery.

On direct appeal, defendant asserted that the trial court erred in imposing an extended-term sentence on the attempted first degree murder conviction. This court affirmed defendant's convictions and sentences. *People v. Ford*, No. 1—91—3782 (1994) (unpublished order under Supreme Court Rule 23). On October 6, 1994, the Illinois Supreme Court denied defendant's petition for leave to appeal. *People v. Ford*, 157 Ill. 2d 511 (1994).

On June 1, 1995, defendant filed a *pro se* postconviction petition, alleging that the trial court erred in imposing an extended-term sentence for attempted first degree murder and that the State failed to prove him guilty beyond a reasonable doubt. On August 3, 1995, in a seven-page written order, the postconviction court summarily dismissed defendant's petition as frivolous and patently without merit.

On appeal of that dismissal, defendant's appointed counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), based on counsel's conclusion that there were no meritorious issues to be raised. After considering the record in this case and the brief filed by counsel, this court allowed counsel to withdraw and affirmed the judgment of the circuit court. *People v. Ford*, No. 1—95—3360 (1997) (unpublished order under Supreme Court Rule 23).

On May 12, 1998, defendant filed a second *pro se* postconviction petition, alleging that his constitutional rights were violated where the trial court failed to consider appropriate factors in mitigation, resulting in the imposition of an excessive sentence. On June 23, 1998, in an eight-page written order, the postconviction court summarily dismissed defendant's second petition as frivolous and patently without merit.

On appeal of that dismissal, this court again allowed appointed counsel to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), and affirmed the judgment of the circuit court. *People v. Ford*, No. 1—98—2782 (1999) (unpublished order under Supreme Court Rule 23).

On March 28, 2002, defendant filed his third *pro se* postconviction petition, alleging that his extended-term sentence was imposed in violation of *Apprendi* because the aggravating factor warranting the extended penalty was not pled in his indictment or proved to a jury beyond a reasonable doubt. On June 6, 2002, in a written order, the postconviction court determined that *Apprendi* did not apply retroactively to cases on collateral review under the Post-Conviction Hearing Act and summarily dismissed defendant's petition as frivolous and patently without merit.

In this appeal, defendant contends for the first time that his extended-term sentence of 60 years for attempted first degree murder, based on a finding of brutal and heinous behavior under section 5—5—3.2(b) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(b))), violates the proportionate penalties clause of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 11). In support of this argument, he compares that offense with second degree murder when enhanced by the same finding of brutal or heinous behavior indicative of wanton cruelty. This comparison, defendant maintains, reveals that the extended-term sentencing statute (Ill. Rev. Stat. 1989, ch. 38, pars. 8—4(c)(1), 1005—8—2(a)(3)) punishes the less serious crime of attempted first degree murder more severely than the other, more serious crime of second degree murder.

■ The State initially responds that defendant has waived this issue by failing to raise it on direct appeal or include it in any of his *pro se* postconviction petitions. While defendant's latest claim regarding his extended-term sentence was not raised in this postconviction petition, the unconstitutionality of a statute may be raised at any time, and, we, therefore, will review defendant's claim. *People v. Wagener*, 196 Ill. 2d 269, 279-80 (2001).

Initially, we note that a court has the duty to affirm a statute's constitutionality and validity if reasonably possible. *People v. Lee*, 167 Ill. 2d 140, 144 (1995). Furthermore, a person challenging a statute bears the burden of establishing its invalidity. *Lee*, 167 Ill. 2d at 144.

■ In support of his argument, defendant notes that attempted first degree murder is a Class X felony, which when enhanced based on a finding of exceptionally brutal or heinous behavior indicative of wanton cruelty, is punishable by a term of imprisonment ranging from 30 to 60 years. Ill. Rev. Stat. 1989, ch. 38, pars. 8—4(c)(1), 1005—8—2(a)(2). However, had defendant actually killed the victim and the jury believed he acted under a sudden and intense passion due to serious provocation or that he unreasonably believed that circumstances existed that justified the use of deadly force, he would have been guilty of second degree murder, a Class 1 felony (Ill. Rev. Stat. 1989,

ch. 38, pars. 9—2(a), (d)), which is punishable by a term of imprisonment ranging from 15 to 30 years when enhanced based on a finding of exceptionally brutal or heinous behavior indicative of wanton cruelty (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—2(a)(3)). Defendant argues that this possibility violates the Illinois Constitution's requirement that "[a]ll penalties *** be determined *** according to the seriousness of the offense." Ill. Const. 1970, art. I, § 11.

Our supreme court rejected a similar argument in *People v. Lopez*, 166 Ill. 2d 441 (1995). In *Lopez*, the defendants argued that the court's failure to recognize the crime of attempted second degree murder resulted in the possibility that a defendant would be sentenced to a greater term of imprisonment if the victim lived than if the victim died. *Lopez*, 166 Ill. 2d at 450. The defendants pointed out that, if attempted second degree murder was not a recognized offense, a person who acted with the intent to kill, but failed to cause the death of the victim, would necessarily be convicted of attempted first degree murder, a Class X felony, punishable by a term of imprisonment ranging from 6 to 30 years (720 ILCS 5/8—4(c)(1) (West 1992); 730 ILCS 5/5—8—1(a)(3) (West 1992)), whether or not mitigating circumstances existed.

At the same time, however, if a person acted with the intent to kill and succeeded in killing the victim, that person, having been charged with first degree murder, would have the opportunity to reduce his culpability, as well as the applicable sentencing range, by introducing evidence that mitigating circumstances existed. If successful in proving the mitigating circumstances, the person would be convicted of the lesser offense of second degree murder, a Class 1 felony, punishable at that time by a term of imprisonment between 4 and 15 years (720 ILCS 5/9—2(d) (West 1992)) or, perhaps, a term of probation (730 ILCS 5/5—6—1 (West 1992)). Thus, defendants argued, the failure to recognize attempted second degree murder as an offense resulted in the possibility that a defendant would be sentenced to a greater term of imprisonment if the victim lived than if the victim died. *Lopez*, 166 Ill. 2d at 450. On this basis, defendants argued that the penalty for attempted first degree murder violated the proportionate penalties clause of the Illinois Constitution. Our supreme court rejected the defendants' argument, citing its reasoning in *People v. Steppan*, 105 Ill. 2d 310 (1985). In *Steppan*, the court noted:

> " 'This court has traditionally been reluctant to override the judgment of the General Assembly with respect to criminal penalties. It indicated at an early date that the constitutional command that "penalties shall be proportioned to the nature of the offense" would justify interference with the legislative judgment only if the

punishment was "cruel," "degrading" or "so wholly disproportionate to the offense committed as to shock the moral sense of the community." ' " *Steppan*, 105 Ill. 2d at 320, quoting *People v. Gonzales*, 25 Ill. 2d 235, 240 (1962).

The court held that the failure to recognize the crime of attempted second degree murder did not create a disparity in the sentencing range that was "cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community." *Lopez*, 166 Ill. 2d at 451. Similarly, in this case, we find that the extended-term sentencing ranges for attempted first degree murder and second degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—2) do not create such a disparity that would justify interference with the legislature's judgment. *Steppan*, 105 Ill. 2d at 320.

Defendant's argument that the extended-term statute punishes the "lesser" offense of attempted first degree murder where the victim survives more harshly than second degree murder where the victim is killed, is flawed because it assumes that the degree of harm to the victim is the only factor to be considered in determining the seriousness of an offense. *Lee*, 167 Ill. 2d at 146. While that is a relevant consideration, the legislature may consider other factors in determining the seriousness of a crime and the punishment for it, such as the frequency of the crime and the high risk of bodily harm associated with it. *Lee*, 167 Ill. 2d at 146. Also, the legislature may perceive a need to enact a more stringent penalty provision to halt an increase in the commission of a particular crime. *Lee*, 167 Ill. 2d at 146.

The attempt statute requires the intent to commit a specific offense, and first and second degree murder are separate offenses. *Lopez*, 166 Ill. 2d at 449. As our supreme court noted in *People v. Jeffries*, 164 Ill. 2d 104, 122 (1995), first and second degree murder are similar in that they each require the same mental state, *i.e.*, either intent or knowledge. What distinguishes the two offenses is the presence of specific mitigating circumstances, which reduce first degree murder to second degree murder. *Jeffries*, 164 Ill. 2d at 122. However, the mitigating circumstances are not elements of the crime and first and second degree murder have the same elements. Rather, second degree murder is described as a "lesser mitigated offense" of first degree murder. It is a lesser offense because its penalties upon conviction are lesser, and it is a mitigated offense because it is first degree murder plus defendant's proof by a preponderance of the evidence that a mitigating factor is present. *Jeffries*, 164 Ill. 2d at 122.

Attempted first degree murder is a Class X felony, which requires the jury to find that the defendant, without justification and with the specific intent to kill an individual, performed an act that constituted

a substantial step toward killing that individual. Ill. Rev. Stat. 1989, ch. 38, pars. 8—4(a), (c)(1). By contrast, second degree murder is a Class 1 felony and requires that the trier of fact find that the defendant committed an intentional or knowing first degree murder and either of the following mitigating factors is present: (1) at the time of the killing he was acting under a sudden and intense passion resulting from serious provocation by the individual killed or another whom the offender endeavors to kill, but he negligently or accidentally caused the death of the individual killed; or (2) at the time of the killing, defendant unreasonably believed that circumstances existed that would justify the use of deadly force. Ill. Rev. Stat. 1989, ch. 38, pars. 9—2(a), (d).

The extended-term sentencing statute provides that for a Class X felony, such as attempted first degree murder, a trial court may sentence a defendant to between 30 and 60 years; while the trial court may sentence a defendant for a Class 1 felony, such as second degree murder, to between 15 and 30 years. Ill. Rev. Stat. 1989, ch. 38, pars. 1005—8—2(a)(2), (a)(3). Because the more serious offense of attempted first degree murder is subject to the harsher penalty, defendant's claim that the extended-term sentencing statute (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—2) violates the proportionate penalties clause by imposing a greater sentencing range of punishment for attempted first degree murder than for second degree murder is without merit.

Defendant further argues that his extended-term sentence for attempted first degree murder is unconstitutional pursuant to *People v. Morgan*, 203 Ill. 2d 470 (2003). In *Morgan*, our supreme court considered the constitutionality of the attempt statute (720 ILCS 5/8—4 (West 2000)), as amended by Public Act 91—404 (Pub. Act 91—404, eff. January 1, 2000). Public Act 91—404 created a mandatory sentencing scheme which increased the penalty for the offense of attempted first degree murder based on the extent to which a firearm was involved in the commission of the offense. Morgan, 203 Ill. 2d at 481. Pursuant to the amended statute, a defendant whose actions demonstrated an intent to kill, but did not result in a death, was subject to sentencing ranges of 21 to 45 years, 26 to 50 years, or 31 years to natural life, depending on whether a firearm was in the defendant's possession, discharged, or the cause of bodily harm (720 ILCS 5/8—4(c)(1)(B), (c)(1)(C), (c)(1)(D) (West 2000)). The "15/20/25 -to-life" mandatory enhanced sentencing ranges created by the Act were applicable without regard to mitigating circumstances, *i.e.*, whether defendant acted under extreme provocation or while possessing an unreasonable belief that his actions were necessary for his defense. *Morgan*, 203 Ill. 2d at 481.

The supreme court acknowledged its holding in *Lopez* and held that the attempted first degree murder statute did not violate the state constitutional guarantee of proportionate penalties, in cases where Public Act 91—404 was inapplicable. The court specifically stated:

> "Under the statutory scheme, when a firearm is *not* involved in the commission of the offense, the penalty for attempted first degree murder is not so disparate that the statute is rendered unconstitutional by the defendant's inability to prove the existence of mitigating circumstances." (Emphasis in original.) *Morgan*, 203 Ill. 2d at 489.

In determining that the "15/20/25-to-life" sentencing scheme created by Public Act 91—404 violated the proportionate penalties clause of the Illinois Constitution, the court stated:

> "[W]hen a firearm *is* involved in the offense and the mandatory enhanced sentencing scheme applies, the penalty ranges for attempted first degree murder far exceed the penalty range for second degree murder. Because the enhanced penalties apply without regard to the defendant's ability to prove the existence of mitigating circumstances, we conclude that the attempt statute is rendered unconstitutional." (Emphasis in original.) *Morgan*, 203 Ill. 2d at 489.

In this case, defendant was convicted of attempted first degree murder prior to the enactment of Public Act 91—404, which became effective on January 1, 2000. Thus, defendant was not subject to the "15/20/25-to-life" mandatory sentencing ranges created by Public Act 91—404. In *Morgan*, our supreme court only struck down this "15/20/25-to-life" mandatory enhanced sentencing scheme as violative of the proportionate penalties clause of this state's constitution, while upholding the penalty provision of the attempted first degree murder statute when the "15/20/25-to-life" sentencing enhancement was not implicated. *Morgan*, 203 Ill. 2d at 489. Consequently, the court's holding in *Morgan* that the attempted first degree murder statute did not violate the proportionate penalties clause in cases where Public Act 91—404 was not applicable, as here, actually requires us to reject defendant's claim.

■ Defendant next argues that the trial court erred in dismissing his petition because he raised a valid claim that his extended-term sentence for attempted first degree murder is unconstitutional pursuant to the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

The supreme court has determined that *Apprendi* does not apply retroactively to criminal cases, such as the one at bar, in which the

direct appeal process concluded before *Apprendi* was decided. *People v. De La Paz*, 204 Ill. 2d 426, 428-29 (2003). In this case, the direct appeal process concluded on October 6, 1994, when the supreme court denied defendant's petition for leave to appeal. Thus, *Apprendi* provides defendant no basis for relief.

For the reasons stated, we affirm the order of the circuit court summarily dismissing defendant's *pro se* postconviction petition. As part of our judgment, we grant the State's request and assess defendant $100 as costs of this appeal.

Affirmed.

HARTMAN and THEIS, JJ., concur.